(No. 3793—

ROBERT H. MUSICK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1943.*

SAMUEL G. HERROD, JR., for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

On October 21, 1942, claimant, Robert H. Musick, an employee of the Department of Public Works and Buildings, Division of Highways, of the State of Illinois, while serving as rodman for a State highway engineer, was struck by an automobile driven by F. L. Shafer of New Hampton, Iowa. The accident occurred when claimant crossed U. S. Highway No. 24, one-half mile south of the village of Secor.

He was struck on the right leg by the front bumper and fender of the automobile and thrown to the pavement, causing a fracture of the tibia and fibula of the right leg at the ankle, and a transverse fracture of the fibula in the middle of the shaft. He also alleges that he suffered a dislocated internal miniscus, or other loose body, in the knee joint. Immediately after the accident, claimant at his request was treated by Dr. F. W. Nickel at Eureka, Illinois, under whose care he remained until March 10, 1943.

Claimant, a man seventy-three years of age, with no children under sixteen years of age dependent upon him for support, had been employed by the respondent since September 2, 1942, at the rate of fifty-five cents an hour. Employees of the Division engaged in the same capacity and at the same rate as claimant are employed less than two hundred days a year; eight hours constitute a normal working day.

At the time of the accident, the claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment.

No claim is made for medical or surgical services or for temporary total disability, the respondent having

paid all medical and hospital bills in the amount of $106.50, and having paid claimant compensation for temporary total disability from the date of the accident to March 10, 1943, in the total sum of $199.61. Likewise, no claim is made for compensation for the fractures claimant suffered as a result of the accident, because he now has perfect function of the right ankle. Claimant, however, seeks compensation for the alleged dislocation of the internal miniscus, or other loose body in the knee joint, which he states was not discovered until after the cast was removed from his leg and he had started to walk. He alleges that he suffers a catching and locking of the right knee joint with pain lasting a short time, but recurring on any normal use of the knee; that he has suffered, as a result of the accident, a twenty-five per cent loss of use of the right knee joint.

Dr. Nickel first reported to the Division claimant's complaint of pain and disability in the right knee on March 3, 1943, but stated that there was no visible evidence of injury, and no evidence of any recent injury to the bones making up the knee joint. A further report by Dr. Nickel, under date of April 15, 1943, appears in claimant's statement and waiver of brief and argument. If this report were properly a part of the record, it would not substantiate claimant's present claim. This later report states that no injury to the knee was apparent in x-rays taken on October 21, 1942, and no evidence of any fracture or other abnormality of the knee joint or adjacent structures, except an old fracture line above the condyles of the femur, was apparent in x-rays taken on February 25, 1943. There is no further proof of the alleged injury.

Any finding of a dislocated miniscus or other loose body in claimant's right knee joint would be based en-

tirely upon the subjective complaint of the claimant. Under Section 8 (i) 3 of the Workmen's Compensation Act of this State, compensation in cases of this kind is payable only for injuries proven by competent evidence, of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself. The record in this case is wholly insufficient to satisfy this statutory requirement.

An award is therefore denied.